IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| PERLA KARIME JORDAN,<br>    Plaintiff | §<br>§<br>§ | |
| V. | §<br>§ | MO-05-CV-151 |
| ECTOR COUNTY, TEXAS<br>    Defendant | §<br>§<br>§ | |

FILED
JUL 7 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
       DEPUTY CLERK

## ORDER GRANTING DEFENDANT ECTOR COUNTY, TEXAS'
## MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Ector County, Texas' Motion for Summary Judgment and Appendix, filed May 1, 2006, Plaintiff's Response to Motion for Summary Judgment, filed May 31, 2006, and Defendant's Reply, filed June 28, 2006. On July 6, 2006, the Court held a hearing over Defendant's Motion. After careful consideration of the motions before the Court, the arguments presented at the hearing and relevant law, the Court is of the opinion that Defendant's Motion for Summary Judgment should be GRANTED.

### BACKGROUND

Plaintiff applied for a job with Ector County on August 16, 1999, and began employment as a receptionist in the office of the Ector County Attorney on January 22, 2001. During the month of October, 2004, Cathy Linch was elected to the position of Ector County Attorney. Linch took office on January 1, 2005. During that month, Linch implemented a new policy that required employees in the County Attorney's office to call their supervisors before the work day began if they would be missing work due to illness. On or about July 15, 2005, Plaintiff did not report to work. According to Defendant's Motion for Summary Judgment, Plaintiff did not speak with her supervisor until 11:00 a.m. on that day and was rude during the phone call. Thereafter, on July 18,

2005, Plaintiff was terminated for non-compliance with the call-in policy and for displaying unacceptable and rude behavior to her supervisor. In her complaint, Plaintiff maintains she complied with the call-in policy, but she provides no evidence in support of this contention.

Subsequently, on October 14, 2005, Plaintiff filed her Complaint against Ector County. Therein, she alleges that she was fired in retaliation for reporting the County Attorney for hiring a legal secretary or administrative individual without posting the job as required by Ector County policy. Additionally, she claims that Ector County violated the provisions of the Texas Whistleblower Act. Plaintiff furthermore declares that Ector County violated her federal rights under 42 U.S.C. § 1983, 42 U.S.C. § 1981, and the Fourteenth Amendment. She seeks damages under 42 U.S.C. § 1981a.

## STANDARD OF REVIEW

Summary judgment should be granted only where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©). The party seeking summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which the moving party believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir. 1996). Further, the moving party has the burden of showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Willis v. Roche Biomedical Lab., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). A dispute about a

material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty-Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993). "If the moving party fails to meet this burden, the motion must be denied, regardless of the nonmovant's response." *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

If the movant carries this burden, the burden shifts to the nonmovant to show the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 256. Unsubstantiated or conclusory assertions that a fact issue exists will not suffice. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 n.4 (5th Cir.1993); *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992). The nonmovant "must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case." *Krim*, 989 F.2d at 1442 n.4. Only disputes over facts that might affect the outcome of the suit under the governing substantive law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. Factual disputes that are unnecessary or irrelevant will not be counted. *Id.* In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive evidentiary burden. *Id.* at 254.

All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmovant. *Matsushita*, 475 U.S. at 587. If the record, so illuminated, could not lead a rational trier of fact to find for the nonmovant, summary judgment is proper. *Kelley v.*

*Price-Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993)(citing *Matsushita*, 475 U.S. at 577-78). On the other hand, if the factfinder could reasonably find in the nonmovant's favor, summary judgment should be denied. *Id.* (citing *Anderson*, 477 U.S. at 250). Finally, even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that it would be prudent to proceed to trial. *Anderson*, 477 U.S. at 255.

## DISCUSSION

*§ 1983 and Due Process Claims*

Defendant first seeks dismissal of Plaintiff's § 1983 and due process claims based on the fact that Plaintiff has no property interest in her employment and, accordingly, has no constitutional right to due process. To obtain relief pursuant to 42 U.S.C. § 1983, plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) a deprivation of that right by the defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

It is well established that the Due Process Clause of the Fourteenth Amendment protects against deprivations of life, liberty, or property without due process or due course of law. *Zinermon v. Birch*, 494 U.S. 113, 125 (1990). An individual is entitled to the protection of the Fourteenth Amendment only if he can show (1) a deprivation of, or intrusion upon, a property right or liberty interest, and (2) that the public employer's termination of that interest was arbitrary or capricious. *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993).

Thus, a plaintiff asserting a due process claim in the public employment context must demonstrate that she has a clearly established property interest in her employment. *Schultea v. Wood*, 27 F.3d 1112, 1116 (5th Cir. 1994), *reh'g en banc*, 47 F.3d 1427 (5th Cir. 1995). "The Due

Process Clause of the Fourteenth Amendment does not create a property interest in government employment." *Cabrol v. Town of Youngsville*, 106 F.3d 101, 105 (5th Cir. 1997). A property interest may exist by operation of a contract, law, or policy established under state law. *Board of Reagents v. Roth*, 408 U.S. 564, 577 (1972); *Cabrol*, 106 F.3d at 105. The existence of a property interest must be determined by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 344 (1976); *Moulton*, 991 F.2d at 229. Here, the court must look to Texas law to determine whether a property right was created.

Texas is an employment-at-will state. *Moulton*, 991 F.3d at 230 (citing *Zimmerman v. H.E. Butt Grocery Co.*, 932 F.2d 469, 471 (5th Cir. 1991)). Absent a specific contract to the contrary, employment contracts are terminable at will by either party. *Id*. To prevail, plaintiff must therefore show some sort of express or implied contract fitting this exception. *Id*. Texas law presumes that employment is at will, unless there is an "unequivocal intent" to the contrary present in a contract. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 479 (5th Cir. 2000). An agreement that modifies the at-will status of an employee must expressly limit in a "meaningful and special way" an employer's right to discharge an employee without cause. *Ed Rachal Foundation v. D'Unger*, 117 S.W.3d 348, 355 (Tex. App. – Corpus Christi – Edinburgh 2003, pet. filed). Finally, under Texas law, interpretation of a contract is a question of law for the court to decide. *Gonzalez v. Denning*, 394 F.3d 388, 392 (5th Cir. 2004).

Plaintiff alleges that she had a property interest in her position as a receptionist due to Ector County's job posting and grievance procedure policies. However, after due consideration, the Court finds that the County's policies related to posting information about open jobs and grievance procedures did not create a property interest in Plaintiff's position. To the contrary, the job

application signed by Plaintiff on August 16, 1999, clearly stated that any employment was at-will. Specifically, the application stated: "I further understand and agree, that if employed, my employment is for no definite period and may, regardless of the date of payment of my wages or salary, be terminated at any time, with or without cause, and without prior notice." *See* Plaintiff's Applicant Statement, attached as Exhibit 3 to Defendant's Motion for Summary Judgment.

Further, on the first day of employment with Ector County, Plaintiff signed a statement that declared: "I understand that my employment with Ector County is at will of my Department Head. I understand that I do not have a contract (stated or implied) or any other guarantee of continued employment." *See* Plaintiff's Acknowledgment, attached as Exhibit 3 to Defendant's Motion for Summary Judgment. Therefore, after due consideration, the Court finds that Plaintiff was an at-will employee and has not and cannot state a claim under § 1983 and the Fourteenth Amendment for deprivation of a protected property interest.

*§ 1981 Claims*

Ector County seeks summary judgment on Plaintiff's § 1981 claim because it states Plaintiff has not made an allegation related to a violation of § 1981. In her response to the Motion for Summary Judgment, Plaintiff did not respond to this contention. To state a claim under § 1981, a plaintiff must allege discrimination based on race. *Olivares v. Martin*, 555 F.2d 1192, 1195-96 (5th Cir.1977). If there are no allegations of racial discrimination, a complaint fails to state a claim under § 1981 and the court lacks subject matter jurisdiction. *Id.* Here, Plaintiff fails to allege any type of racial discrimination in her Complaint as required under § 1981. Thus, Defendant's Motion for Summary Judgment on Plaintiff's 42 U.S.C. § 1981 claim shall be granted.

*State Law Claims*

Plaintiff's remaining claims are state law claims are for retaliation and violations of the Texas Whistleblower Act.[1] Plaintiff seeks to invoke the Court's pendent jurisdiction on the state law claims against Defendant. When federal law claims that serve as the basis for subject matter jurisdiction are dismissed and only state law claims grounded on supplemental jurisdiction remain, a district court has broad discretion to dismiss the state law claims. 28 U.S.C. § 1367(c)(3);*United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726-27 (1966); *Guzzino v. Felterman,* 191 F.3d 588, 594-95 (5th Cir. 1999); *Rhyne v. Henderson County,* 973 F.2d 386, 395 (5th Cir. 1992). In making this decision, the Court should balance judicial economy, convenience and fairness to the parties, as well as the principles of federalism and comity. *Gibbs,* 383 U.S. at 726. (holding a needless decision of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable state law). Here, these factors weigh in favor of dismissal of the Plaintiff's claims related to state law retaliation and violations of the Texas Whistleblower Act. Thus, the Court declines to exercise supplemental jurisdiction over the state law claims asserted against Defendant Ector County, Texas.

## CONCLUSION

Based on the above-stated reasons, the Court grants Defendant's Motion for Summary Judgment as to the § 1983, Fourteenth Amendment and § 1981 claims and declines to exercise

---

[1] In her Motion for Summary Judgment, Plaintiff declares that summary judgment should not be granted on the retaliation claim and sets forth the standard for reviewing retaliation claims under Title VII. However, in her complaint, Plaintiff did not plead her retaliation claim under Title VII. Rather, she merely stated that she was suing for remedies permitted under 42 U.S.C. § 1983 and state law. As such, the Court will construe the retaliation claim as being brought under state law.

supplemental jurisdiction over the state law retaliation and Texas Whistleblower Act claims.[2]

Accordingly,

It is hereby **ORDERED** that Defendant Ector County, Texas' Motion for Summary Judgment is **GRANTED**.

It is **FURTHER ORDERED** that Plaintiff's claims pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment and § 1981 are **DISMISSED WITH PREJUDICE**.

It is **FURTHER ORDERED** that Plaintiff's state law retaliation and Texas Whistleblower Act claims are **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** this __7__ day of **JULY, 2006**.

_____
ROBERT JUNELL
United States District Judge
Western District of Texas

---

[2] Due to the Court's ruling on Ector County's Motion for Summary Judgment with respect to Plaintiff's Federal Claim, it shall not address the arguments raised in Ector County's Motion for Summary Judgment, and in the Alternative, Motion to Dismiss Pursuant to Rule 12(b)(1), Plaintiff's State Law Claim.